UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PERLA A. HERNANDEZ,<br><br>        Plaintiff(s),<br><br>  v.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>        Defendant(s). | Case No. 2:14-CV-1500 JCM (VCF)<br><br>ORDER |

  Presently before the court is defendant Wells Fargo Home Mortgage's (hereinafter "defendant") motion to set aside clerk's entry of default. (Doc. # 11). Pro se plaintiff Perla A. Hernandez (hereinafter "plaintiff") filed a response, (doc. # 16), and defendant filed a reply, (doc. # 17). Also before the court is defendant's request for judicial notice. (Doc. # 12). Plaintiff filed a response, (doc. # 15), and defendant filed a reply, (doc. # 18).

  Also before the court is plaintiff's motion for clerk's default [judgment]. (Doc. # 9). Defendant filed a response. (Doc. # 13). Plaintiff did not file a reply, and the deadline to reply has now passed

  **I.**  **Background**

  On or around October 5, 2006, World Savings Bank, N.A. loaned plaintiff $249,600, secured by a deed of trust on her property. (Doc. # 12-1). After plaintiff defaulted on her loan payments, the National Default Servicing Corporation filed a notice of default and election to sell under the deed of trust. (Doc. # 12-1). On or about August 30, 2013, a foreclosure mediation certificate was recorded, permitting foreclosure of the property. (Doc. # 12-1).

  Defendant is the servicer of plaintiff's mortgage. (Doc. # 1). On or about February 15, 2014, defendant sent plaintiff a past due notice for failure to pay under the deed of trust. (Doc. #

**James C. Mahan**
**U.S. District Judge**

1). Defendant also reported the debt to multiple credit reporting agencies. (Doc. # 1). Plaintiff claims to have no knowledge of the property or the relevant debt. (Doc. # 1).

On September 16, 2014, plaintiff filed a complaint against defendant alleging claims for invasion of privacy, negligent hiring and supervision, violations of the Fair Credit Reporting Act, and violations of the Fair Debt Collection Practices Act. (Doc. # 1).

On September 18, 2014, a summons was issued to defendant. (Doc. # 4). On October 16, 2014, the summons was returned executed. (Doc. # 5). Defendant's answer was due on October 20, 2014. (Doc. # 5). On November 6, 2014, plaintiff moved for entry of clerk's default. (Doc. # 6). On the same date, the clerk entered default as to defendant. (Doc. # 7).

On November 12, 2014, defendant's counsel filed a notice of appearance. (Doc. # 8). On the same date, plaintiff filed a motion for entry of clerk's default [judgment]. (Doc. # 9).

On November 14, 2014, defendant filed a motion to set aside the clerk's entry of default, (doc. # 11), request for judicial notice, (doc. # 12), and response to plaintiff's motion for entry of clerk's default [judgment], (doc. # 13).

**II. Legal Standard**

i.   Judicial notice

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Under Rule 201(b)(2), the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

Rule 201(c)(2) states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute. See United States v. Corinthian Colls., 655 F.3d 984, 998-99 (9th Cir. 2011); see also Intri-Plex Tech., Inv. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (citations and quotation marks omitted)

. . .

. . .

**James C. Mahan**
**U.S. District Judge**


     ii.     Motion to set aside default

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause . . . ." To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id.

While the court considers the same factors prior to vacating an entry of default as it would a default judgment, the test is less stringent when a default judgment has not been entered. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Indeed, "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).

**III.    Discussion**

     i.     Judicial notice

Defendant asks the court to take judicial notice of numerous documents related to the property in question. These include the grant, bargain, sale deed, deed of trust, affidavit of fact, deed of full reconveyance, notice of default, foreclosure mediation certificate, and two notices of trustee's sales. (Doc. # 12). Each one of these documents was recorded with the Clark County recorder. (Doc. # 12-1).

Plaintiff responds that the court should not take judicial notice of certain documents as requested by defendant because the documents name other companies and thus have "nothing to do with the Defendant." (Doc. # 15).

The documents at issue are judicially noticeable because they are a matter of public record. Plaintiff does not dispute the facts contained in the instant documents. She contends

James C. Mahan
U.S. District Judge

only that they are not relevant. Accordingly, the court will grant defendant's request and take judicial notice of the documents attached to it.

ii. Motion to set aside default

The court may set aside default for good cause. In deciding whether to grant defendant's motion, the court will consider the three relevant factors in turn.

A. Culpable conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing and intentionally failed to answer." Mesle, at 615 F.3d. at 1092. "[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Id.

The court finds that defendant was not culpable, nor did it intentionally fail to answer. Defendant filed its notice of appearance in the case on November 12, 2014, days after plaintiff sought default and only a few weeks after defendant's original appearance was due. (Doc. # 11). The court is not inclined to punish defendant with an adverse judgment due to an error of this degree.

B. Meritorious defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily high." Mesle, 615 F.3d at 1094.

Defendant has outlined numerous defenses that it intends to put forward in response to plaintiffs' complaint, including arguments that each of plaintiff's claims fails as a matter of law. (Doc. # 11). Defendant has therefore met its minimal burden of demonstrating a potentially meritorious defense.

C. Prejudice

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001). It is obvious that "merely being forced to litigate on the merits cannot be considered

**James C. Mahan**
**U.S. District Judge**

- 4 -

prejudicial for purposes of lifting [an entry of default]. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so." Id.

The court finds there would be no prejudice to plaintiffs by setting aside the default. At this early stage in the proceeding, plaintiff has incurred minimal costs and expended minimal resources. By setting aside the default, plaintiff is merely forced to litigate the lawsuit in the way she initially intended. Finally, there is a strong policy favoring the adjudication of claims on their merits instead of procedural technicalities. For these reasons, the court will set aside the clerk's default

       iii.    Motion for clerk's default [judgment]

After the clerk entered default against defendant, plaintiff filed a "motion for entry of clerk's default." (Doc. # 9). However, plaintiff cites Federal Rule of Civil Procedure 55(b) in support of this motion, and attaches proof of the clerk's entry of default. See Fed. R. Civ. P. 55(b) (providing procedure for entry of default judgment). Therefore, the court construes this motion as a motion for default judgment.

In light of the instant ruling, this motion will be denied as moot.

IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's request for judicial notice be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to set aside default, (doc. # 11), be, and the same hereby is, GRANTED. IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default [judgment], (doc. # 9), be, and the same hereby is, DENIED as moot.

DATED January 5, 2015.

*[signature]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -