UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PERLA A. HERNANDEZ, | Case No. 2:14-CV-1500 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| WELLS FARGO HOME MORTGAGE, | |
| Defendant(s). | |

Presently before the court is a motion to dismiss filed by defendant Wells Fargo Bank, N.A., (hereinafter "Wells Fargo"). (Doc. # 20). Plaintiff Perla Hernandez, (hereinafter "plaintiff"), filed a response, (doc. # 22), and Wells Fargo filed a reply, (doc. # 23). Subsequently, plaintiff filed a sur-reply. (Doc. # 24).

**I.      Background**

Plaintiff acquired real property in Las Vegas, Nevada, on or around June 10, 1999. (Doc. # 12-1). On or around October 5, 2006, World Savings Bank, N.A. loaned plaintiff $249,600, secured by a deed of trust on her property. (Doc. # 12-1). After plaintiff defaulted on her loan payments, the National Default Servicing Corporation, (hereinafter "NDSC"), filed a notice of default and election to sell under the deed of trust. (Doc. # 12-1). On or about August 30, 2013, a foreclosure mediation certificate was recorded, permitting foreclosure of the property. (Doc. # 12-1).

Wells Fargo is the servicer of plaintiff's mortgage. (Doc. # 12-1). On or about February 15, 2014, Wells Fargo sent plaintiff a past due notice for failure to pay under the deed of trust.

**James C. Mahan**
**U.S. District Judge**

(Doc. # 1).  Wells Fargo also reported the debt to multiple credit reporting agencies.  (Doc. # 1).  Plaintiff claims to have no knowledge of the property or the relevant debt.  (Doc. # 1).

On September 16, 2014, plaintiff filed a complaint against Wells Fargo alleging claims for invasion of privacy, negligent hiring and supervision of employees, violations of the Fair Credit Reporting Act, and violations of the Fair Debt Collection Practices Act.  (Doc. # 1).

On November 6, 2014, plaintiff moved for entry of clerk's default.  (Doc. # 6).  On the same date, the clerk entered default as to Wells Fargo.  (Doc. # 7).

On November 14, 2014, defendant filed a motion to set aside the clerk's entry of default, (doc. # 11), and a request for judicial notice of public documents related to the property in question, (doc. # 12).

On January 5, 2015, this court issued an order granting Wells Fargo's request for judicial notice.  (Doc. # 19).  This court also set aside the clerk's entry of default against Wells Fargo.  (Doc. # 19).  Wells Fargo now moves this court to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. # 20).

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 678–79.

**James C. Mahan**
**U.S. District Judge**

Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendant argues that each of plaintiff's claims fail as a matter of law.  These claims will be addressed in turn.  This court also acknowledges at the outset that the complaint filed in this case is in large part identical to the complaint filed in *O'Connor v. Capital One, N.A.*, No. CV 14-00177-KAW, 2014 WL 2215965 (N.D. Cal. May 29, 2014).

    *i.*    *Fair Credit Reporting Act claims*

Plaintiff's first cause of action asserts that Wells Fargo, as a "credit furnisher," violated the Fair Credit Reporting Act, (hereinafter "FCRA"), under 15 U.S.C. § 1681s-2(b) by reporting inaccurate or erroneous information about her.  In addition, plaintiff asserts that Wells Fargo failed to maintain reasonable procedures to assure maximum possible accuracy of her credit report, in violation of 15 U.S.C. § 1681e(b).

James C. Mahan
U.S. District Judge

- 3 -

To state a FCRA claim under § 1681s-2(b) against a furnisher of information, a consumer must allege that "1) the furnisher provided inaccurate information to the credit reporting agency ("CRA"); 2) the CRA notified the furnisher of a dispute; and 3) the furnisher failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA." *Middleton v. Plus Four, Inc.*, No. 2:13-CV-01421-GMN-GWF, 2014 WL 910351, at *3 (D. Nev. Mar. 7, 2014).

However, an initial inaccuracy must be present before a valid dispute may exist. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision [in section 1681 s-2(b)] . . . does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."); *O'Connor*, 2014 WL 2215965, at *6.

Plaintiff's complaint fails to plead any facts regarding what negative information was reported or what the supposed inaccuracy was. To the extent that plaintiff alleges that the mere existence of a debt is the inaccuracy, this claim is not sufficient. This court has taken judicial notice of documents that clearly indicate the debt existed. (*See* docs. ## 12-1, 19). Plaintiff did not argue that the facts contained in these documents were in dispute; rather, plaintiff contended that the documents were not relevant. This court rejected plaintiff's argument, and as such, the existence of the debt is not subject to reasonable dispute.

Furthermore, plaintiff has failed to plead facts in support of her § 1681e(b) claim. By its clear terms, § 1681e(b) applies to consumer reporting agencies. 15 U.S.C. § 1681e(b) (2012). Plaintiff does not allege that Wells Fargo is a consumer reporting agency. Thus, plaintiff has failed to plead facts that raise a reasonable inference that the defendant is liable for the alleged misconduct, and the claims are dismissed.

It is further noted that plaintiff has failed to comply with the local rules. Under Local Rule 7-2(d):

> The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion. The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.

James C. Mahan
U.S. District Judge

- 4 -

1  LR 7-2(d). Plaintiff's opposition to Wells Fargo's motion to dismiss did not contain any
2  points or authorities on the FCRA claims. Even plaintiff's sur-reply was devoid of any
3  mention of the FCRA claims. Thus, plaintiff's FCRA claims are dismissed.

        *ii.     Invasion of privacy claim*

Plaintiff generally asserts that Wells Fargo improperly obtained her personal and private information, resulting in an invasion of her privacy. Plaintiff also asserts that Wells Fargo "may [] be guilty of identity theft under the state and federal law." (*See* Compl. ¶ 25).

"A cause of action for invasion of privacy requires: (1) an intentional intrusion by defendant; (2) on the solitude or seclusion of the plaintiff; (3) that would be highly offensive to a reasonable person." *Downs v. River City Grp., LLC*, No. 3:11-CV-0885-LRH-WGC, 2012 WL 1684598, at *4 (D. Nev. May 11, 2012). The tort has a public disclosure requirement, which contemplates disclosure to more than individuals or small groups. *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443, 1448 (D. Nev. 1994).

Plaintiff's invasion of privacy claim fails for multiple reasons. First, this court finds that plaintiff's claim is preempted by federal law. Section 1681t(b) of the FCRA, which discusses the statute's relationship to state laws, reads in pertinent part:

> No requirement or prohibition may be imposed under the laws of any State--
>
> > (1) with respect to any subject matter regulated under--
> >
> > > (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C.A. § 1681t(b). The Ninth Circuit has recognized a tension between § 1681t(b)(1)(F), which appears "to preempt all state law claims based on a creditor's responsibilities under § 1681s–2," and § 1681h(e), which "suggests that [invasion of privacy] claims can proceed against creditors as long as the plaintiff alleges falsity and malice." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009). However, the Ninth Circuit did not settle the issue, and this court finds *O'Connor* persuasive.

James C. Mahan
U.S. District Judge

- 5 -

"Courts have interpreted § 1681t(b)(1)(F) to preclude all state common law and statutory claims, to effect Congress' intent to limit a plaintiff's recovery against furnishers of credit information to only the remedies provided under the FCRA." *O'Connor*, 2014 WL 2215965, at *8 (internal quotations omitted); *Miller v. Bank of Am., Nat. Ass'n,* 858 F. Supp. 2d 1118, 1124 (S.D. Cal. 2012).

Here, plaintiff's cause of action relies on Wells Fargo's purported status as a "debt collector." (*See* Compl. ¶ 24). In this respect, the alleged invasion of privacy—Wells Fargo's improper reception of plaintiff's social security number—is regulated by federal law and as such, would be preempted by the FCRA. *See O'Connor*, 2014 WL 2215965, at *8.

However, even if plaintiff's claim was not preempted, plaintiff has failed to state a viable claim for relief. Plaintiff has not alleged any facts which suggest an intrusion occurred that is "highly offensive to a reasonable person," let alone any facts that suggest an "intentional intrusion" occurred at all. Thus, there are no facts to suggest a plausible claim for relief.

Finally, as with the FCRA claims, plaintiff has failed to comply with the local rules by failing to even mention this claim in her opposition to the motion or her sur-reply. As such, plaintiff is deemed to have consented to the dismissal of her claim.

   iii. *Negligent hiring and supervision of employees claim*

Plaintiff's third cause of action is one for the negligent hiring and supervision of employees. Specifically, plaintiff asserts that:

> [Wells Fargo] was aware of [its] wrongful conduct in creating an alleged debt Plaintiff is not obligated to, or is not able to discern the amount and character of the alleged debt. Defendant knew and approve[d] of its incompetent employees and agents, attorney debt collectors, and debt collection against the Plaintiff. [Wells Fargo] negligently and/or intentionally, hired, trained, retrained, or supervised incompetent debt collectors. . . .

(*See* Compl. ¶ 28).

"To state a claim for negligent training and supervision in Nevada, Plaintiff must show (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation."

**James C. Mahan**
**U.S. District Judge**

*Montes v. Bank of Am. NA.*, 2:13-CV-660-RCJ-VCF, 2013 WL 5882778, at *7 (D. Nev. Oct. 30, 2013) (citing *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013)).

"Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Okeke*, 927 F. Supp. 2d at 1028. However, an "employee's wrongful behavior does not in and of itself give rise to a claim for negligent training and supervision." *Id.*

Claims for negligent hiring, on the other hand, depend on an employer breaching its "general duty . . . to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Rockwell v. Sun Harbor Budget Suites*, 112 Nev. 1217, 1227 (1996) (quoting *Burnett v. C.B.A. Security Serv.*, 107 Nev. 787, 789 (1991)).

In her complaint, plaintiff failed to plead any facts to establish that Wells Fargo "owed [her] a duty of care, as [s]he does not name specific employees, does not identify the alleged incompetence, or otherwise describe the conduct giving rise to this cause of action." *See O'Connor*, 2014 WL 2215965, at *9 (facing a substantially similar complaint). In addition, plaintiff has not alleged that Wells Fargo failed to conduct reasonable background checks, or alleged any facts which suggests this is plausible.

Furthermore, plaintiff's cause of action is premised on the alleged debt collection being wrongful conduct. (*See* Compl. ¶ 28). However, as discussed below, plaintiff has failed to plead facts that suggest Wells Fargo is a debt collector under the Fair Debt Collection Practices Act, (hereinafter, "FDCPA"), or that Wells Fargo had engaged in debt collection activity. Therefore, plaintiff has failed to plead facts that give rise to a reasonable inference that conduct undertaken by Wells Fargo's employees was wrongful. *O'Connor*, 2014 WL 2215965, at *9.

Lastly, like the previously mentioned claims, plaintiff has failed to even acknowledge this claim in her opposition to Wells Fargo's motion to dismiss. However, unlike the other claims, plaintiff at least mentioned the claim in a single paragraph of her sur-reply, stating that Wells Fargo employees have "[sent] dunning notices, failed to validate the debt, [and] threatened foreclosure on [her] property unlawfully." Again, this presumes unlawful conduct. As stated earlier, plaintiff

**James C. Mahan**
**U.S. District Judge**

- 7 -

1 has still failed to plead any facts suggesting that the elements of the cause of action are present. Thus, this single line in plaintiff's sur-reply fails to compensate for the wholly conclusory complaint, and the motion to dismiss will be granted as to this claim.

### iv.     Fair Debt Collection Practices Act claims

Plaintiff's fourth cause of action is for violations of the FDCPA, 15 U.S.C. § 1692. The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 541 U.S. 291, 292 (1995).

"In order to establish a claim under the FDCPA, plaintiff must show: (1) that [she] is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o." *Gutierrez v. Wells Fargo Bank*, C 08–5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009); *see Spartalian v. Citibank, N.A.*, No. 2:12-CV-00742-MMD, 2013 WL 5437347, at *3 (D. Nev. Sept. 27, 2013).

Plaintiff alleges that she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and that the debt arises out of a transaction incurred for household purposes. (*See* Compl. ¶ 32). Wells Fargo does not challenge these allegations, but instead argues that plaintiff's FDCPA claims fail as a matter of law because plaintiff has failed to plead factual content indicating that Wells Fargo is a debt collector or that Wells Fargo violated any of the aforementioned provisions. This court agrees.

In order to be liable under the FDCPA, Wells Fargo must fall within the statutory definition of "debt collector" and have been engaged in the collection of a debt. *Gutierrez*, 2009 WL 322915, at *2; *see Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008). A "debt collector" is defined as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or (2) who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

1     "The Ninth Circuit, while rejecting the per se rule adopted by other Courts of Appeal that a creditor cannot be [a] debt collector[], has held that a plaintiff must plead *factual content* that allows the court to draw the reasonable inference that [defendant] is a debt collector." *O'Connor*, 2014 WL 2215965, at *5 (emphasis added) (internal quotations omitted); *see Schlegel v. Wells Fargo Bank, N.A.,* 720 F.3d 1204, 1208 n.2. (9th Cir. 2013). Although this factual content need not be particularly detailed, Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citation omitted).

    Although plaintiff continually refers to Wells Fargo as a "debt collector," plaintiff has not pleaded facts showing that this is in fact the case. Plaintiff merely asserts that Wells Fargo "continues to make attempts at collection of the alleged debt through erroneous credit reporting." Plaintiff fails to plead any facts that suggest (1) that the "principal purpose" of Wells Fargo's business is debt collection, (2) that Wells Fargo regularly collects or attempts to collect, debts owed or due another, or (3) that Wells Fargo was assigned a defaulted loan for the purposes of debt collection, which is generally required for a finding of debt collector status under the FDCPA. *Brown v. U.S. Bank Nat'l Ass'n*, C12–04587 HRL, 2013 WL 4538131, at *3 (N.D. Cal. Aug. 23, 2013); *see also Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. Sept. 4, 2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). In other words, plaintiff's conclusory allegations are devoid of content.

    Furthermore, in alleging a violation of the FDCPA, plaintiff merely restates several provisions of 15 U.S.C. §§ 1692a–1692o, without pleading any facts which would suggest any one of these provisions has been violated. Plaintiff doesn't even allege that violations occurred, but that there are "[p]ossible [] violations." (*See* Compl. ¶ 34).

    For these reasons, this court finds that plaintiff's claims are conclusory and fail to show a plausible claim for relief. Therefore, plaintiff's FDCPA claims are dismissed.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 20), is GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED March 16, 2015.

_____
UNITED STATES DISTRICT JUDGE